Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission upon reconsideration of the evidence AFFIRMS in part and MODIFIES in part the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission adopts in part and modifies in part the findings of fact of the deputy commissioner and finds as follows:
FINDINGS OF FACT
Incarcerated at Odom Correctional Center. On said date plaintiff went to breakfast, returned to his cell block where he showered and then returned directly to his cell. Plaintiff was planning to go to the prison's church service and while returning to his cell he obtained the time from Michael Artis, the officer on duty. Plaintiff went to his cell and closed his cell door and commenced to dry off and dress so that he could go to church.
2. Unknown to plaintiff inmate James Freeman had persuaded Correctional Officer Michael Artis to allow Freeman to have entry into the plaintiff's cell. Inmate Freeman agreed to shine Officer Artis' shoes in return for free entry into the plaintiff's cell.
3. Inmate Freeman entered the plaintiff's cell and announced to the plaintiff what he wanted from him. Inmate Freeman then proceeded to push the plaintiff onto his bunk, mount him from behind, and attempt to penetrate him. However, inmate Freeman was unable to penetrate plaintiff, but he remained on top of the plaintiff making motions until such time as he obtained a climax and then got up and left the plaintiff's cell.
4. Inmate Freeman is a large man weighing approximately 190 to 200 pounds whereas plaintiff is smaller in statute and weighs about 165 pounds.
5. Plaintiff did not struggle with Freeman nor did he attempt to seek help because he believed his efforts would have been futile. Officer Artis knew that the plaintiff was in his cell and that Freeman had entered the cell. In addition, Officer Artis knew at the time that he allowed inmate Freeman into the plaintiff's cell that he was violating the correctional institution's rules and regulations and that he was not supposed to allow another inmate into the plaintiff's cell. Officer Artis should have reasonably foreseen at that time that allowing inmate Freeman in plaintiff's cell could result in some type of confrontation between the inmates that could likely lead to harm to either of them.
6. After the plaintiff was assaulted by inmate Freeman, Freeman left the plaintiff's cell. Plaintiff then cleaned himself and then proceeded to go to church, but he was unable to keep his mind on the church service and left the church service and returned to his cell. After returning he then reported the incident to Sgt. Draper.
7. As the plaintiff was leaving his cell going to church he observed inmate Freeman shining Officer Artis' shoes and Officer Artis was wearing inmate Freeman's shoes.
8. After the plaintiff filled out a grievance form and returned the same to Sgt. Vaughn, Sgt. Vaughn conducted an investigation of the matter and Sgt. Vaughn also observed inmate Freeman shining Officer Artis' shoes. After an investigation was conducted Officer Artis was immediately suspended and on the next day terminated from the North Carolina Department of Correction.
9. After the plaintiff made a report to Sgt. Vaughn he was sent for a medical examination. The medical examination was performed by a health technician. The examination confirmed that no entry had been made by inmate Freeman on the plaintiff. After this examination the plaintiff was placed on administration segregation and subsequently moved to Caledonia Correctional Institute.
10. As a result of the attack by inmate Freeman on the plaintiff, plaintiff suffered mental anguish, distress and for some time following this, retained a psychological problem. The plaintiff saw a staff psychologist in July, but due to time constraints and scheduling problems he did not begin receiving counseling until August 6th. Thereafter, the plaintiff saw psychologist Clyde Johnson on a monthly basis for approximately a year. It is the opinion of the psychologist that the plaintiff had experienced a trauma and he was noticeably adversely affected thereby and was withdrawn and depressed. He did not socialize with others and he did not eat and sleep well. He lost interest in the activities in which he was normally engaged and he ceased to participate in recreational activities.
11. Correctional Officer Artis, an employee of the State of North Carolina Department of Correction was negligent on June 28, 1992 when he allowed inmate Freeman to enter into the cell of the plaintiff. The negligence of Officer Artis was the proximate cause of the injuries sustained by the plaintiff, said injury resulting from an assault by inmate Freeman on the plaintiff. As a result of said assault, plaintiff suffered a mental trauma from which it took him five or six months to recover.
***************
Based upon the foregoing findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. Michael Artis, an employee of the North Carolina Department of Correction, was negligent in allowing inmate Freeman into the cell of the plaintiff. Officer Artis negligently supervised the plaintiff and inmate Freeman and in fact he allowed inmate Freeman to bestow favors upon him in return for allowing him into the plaintiff's cell for reasonably foreseeable unlawful and unauthorized activities.
2. The negligence of Officer Artis was the proximate cause of injuries sustained by the plaintiff when he was sexually assaulted by inmate Freeman. Plaintiff sustained mental trauma and experienced mental distress, mental anguish, and depression that required him to consult regularly with a psychologist and from which it required several months to recover.
3. Plaintiff is entitled to an award of damages as a result of his injuries occasioned by the negligence of Correctional Officer Artis.
4. The plaintiff was not contributorily negligent.
*************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. The defendant, North Carolina Department of Correction shall pay to the plaintiff, Louisha Wallace, the sum of $6,000.00.
2. The defendant shall pay the costs due this Commission.
 S/ _______________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________________________ LAURA K. MAVRETIC COMMISSIONER
DISSENTING: S/ ________________________________ DIANNE C. SELLERS COMMISSIONER
BSB:md